IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOPE CROSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-2763-M-BN |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Hope Crosby, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be affirmed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including a pinched nerve with pain in her back, pain in her right arm following a work-related rotator cuff injury and subsequent surgery, pain in her left arm, chest pain, depression, anxiety, hypertension with dizziness and headaches, racing heart, and shortness of breath. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on December 8, 2009. At the time of the hearing, Plaintiff was 43 years old. She is a high school

graduate and has past work experience as a trimmer on an assembly line. Plaintiff has not engaged in substantial gainful activity since September 26, 2008.[1]

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from lumbar back pain with very early degenerative changes from L3 to L5, morbid obesity, hypertension, and right shoulder pain status post rotator cuff surgery, the ALJ concluded that those impairments' severity did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform light work limited to no overhead reaching with her right upper extremity but that Plaintiff could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as an usher, a counter clerk, and a bakery worker, which are jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff sought review by the Appeals Council, which denied her request.

Plaintiff then filed this action in federal district court. Plaintiff contends that the ALJ's assessment of her residual functional capacity is not supported by substantial

---

[1] Plaintiff previously filed claims for disability and supplemental security income in 2005 and has not engaged in substantial gainful activity since that time. Plaintiff's claims were ultimately denied in an Administrative Law Judge Decision of September 24, 2008, which is administratively final. *See* Administrative Record [Dkt. No. 18-2] at 19-20; Administrative Record [Dkt. No. 18-3] at 53.

evidence and results from reversible legal error. More particularly, Plaintiff argues that the ALJ's residual functional capacity finding is not supported by substantial evidence because it does not contain all of Plaintiff's limitations resulting from her morbid obesity.

The undersigned recommends that the hearing decision should be affirmed in all respects.

**Legal standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to

engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the

resulting decision is not substantially justified. *Id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where Plaintiff shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *Audler*, 501 F.3d at 448.

## Analysis

Plaintiff contends that the ALJ's residual capacity functioning finding is not supported by substantial evidence because it does not contain all of Plaintiff's limitations resulting from her morbid obesity. *See* Dkt. No. 23-1. Specifically, Plaintiff asserts that the ALJ's determination that Plaintiff can perform light work – which requires standing and walking approximately six hours in a day, sitting two hours per day, and lifting or carrying up to twenty pounds, with no postural limitations, such as bending, stooping, squatting, or climbing – fails to take into account the physical limitations that are "inherent" in morbidly obese individuals. Dkt. No. 23-1 at 4.

In support of her argument, Plaintiff cites Social Security Ruling ("SSR") 02-1p, which states that obesity can cause limitation of function in sitting, standing, walking, lifting, carrying, pushing, and pulling, as well as postural limitations, such as climbing, balance, stooping, and crouching. *See* SSR 02-1p, 2002 WL 34686281, at *6 (S.S.A. Sept. 12, 2002); Dkt. No. 23-1 at 5.

Plaintiff's citations to the record for support of her symptoms primarily include her own testimony and her statements to the consultative physician, Dr. Judith

6

Graves. Dkt. No. 23-1 at 5-6. As her only other support from the record, Plaintiff cites to the determination of Dr. Robin Rosenstock, the state agency physician, that Plaintiff, while able to perform light work, should be limited to occasional climbing of ramps/stairs, no climbing of ladders/ropes/scaffolds, and occasional overhead reaching with her right shoulder. *Id.* at 6. Plaintiff contends that this evidence demonstrates that she is more physically limited than the ALJ's finding allows. Plaintiff also argues that the ALJ failed to specifically opine as to whether Plaintiff's obesity results in any limitation on Plaintiff's ability to complete work activities and that this omission violates SSR 02-1p's requirement that the Commissioner "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." 2002 WL 34686281, at *7; Dkt. No. 23-1 at 6-7.

The Court concludes that substantial evidence supports the ALJ's determination that Plaintiff has the residual functional capacity to do light work with the limitation of no overhead reaching with the right upper extremity. The ALJ based his determination on the objective medical evidence; the consultative examination by Dr. Graves; the testimony of the medical expert, Dr. Howard McClure, Jr.; the Plaintiff's treatment history; and her activities of daily living. Administrative Record [Dkt. No. 18-3] at 59.

The ALJ stated that he gave "great weight" to the medical expert's opinion because it was consistent with the objective medical findings, the consultative examination, and cardiac and radiology studies. *Id.* The ALJ also considered Plaintiff's testimony regarding her symptoms but found that Plaintiff's statements concerning

7

"the intensity, persistence and limiting effects of these symptoms" were not credible to the extent they were inconsistent with the residual functional capacity assessment of light work. *Id.* at 58. The ALJ based his finding on the absence of any motor or sensory deficits in the Plaintiff's extremities and Plaintiff's lack of treatment by a specialist for her right shoulder or back pain since her alleged onset day of disability, as well as Plaintiff's testimony and reporting that she was able to care for her adult son, care for her personal needs, cook, wash dishes, shop, handle her own money, visit with family members, and attend church approximately twice a month. *Id.*

Notably, although Plaintiff cites to the consultative examination in her brief as evidence of her physical limitations, *see* Dkt. No. 23-1 at 5-6, the consulting physician determined – in contradiction to Plaintiff's allegations of her symptoms – that Plaintiff was "able to sit, stand, walk, move about and transfer herself in and out [of] a chair without any difficulty" and appeared to be able to "stoop, squat, bend and kneel without difficulty," Administrative Record [Dkt. No. 19] at 300. Plaintiff's only response to these determinations by Dr. Graves is to note that "Dr. Graves did not state how long Plaintiff is able to sit, stand, or walk" and to assert that her observations are "contrary to Plaintiff's obvious difficulty squatting, refusal to kneel, and statement that bending aggravates her lower back pain." Dkt. No. 23-1 at 6. Plaintiff's assertion of error by the ALJ on this score comes down to her disagreement with Dr. Graves's assessment. Plaintiff points to Dr. Graves's noting that Plaintiff "is able to squat with poor effort but began to cry and stated that she could not kneel down

8

on one or both knees" as well as her own statements regarding pain from bending. Administrative Record [Dkt. No. 19] at 299.

"While an ALJ must consider an applicant's subjective complaints of pain" – as the ALJ did here – "he is permitted to examine objective medical evidence in testing the applicant's credibility" and "may find, from the medical evidence, that an applicant's complaints of pain are not to be credited or are exaggerated." *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). Here, while the ALJ did take into account Plaintiff's subjective allegations in determining her residual functional capacity, he determined that Plaintiff failed to produce objective medical evidence of a condition that reasonably could be expected to produce the intensity of the symptoms alleged. *See Weary v. Astrue*, 288 F. App'x 961, 967 (5th Cir. 2008) (ALJ's determination was supported by substantial evidence where the claimant's allegations were contradicted by the objective medical evidence); *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make."). This Court does "not sit in *de novo* review" and may not "re-weigh the evidence." *Id.* at 164 n.18. And that is what Plaintiff is asking the Court to do.

The ALJ stated that he gave little weight to the state agency physician's determination, the only remaining source from the record on which Plaintiff relies, because the recommendation that Plaintiff limit climbing ramps and stairs and refrain from climbing ladders, ropes, or scaffolds was not supported by the objective medical

evidence or the medical expert's testimony. Administrative Record [Dkt. No. 18-3] at 59. Again, this Court may not reweigh the evidence or substitute its judgment for the Commissioner's, however much Plaintiff may disagree with where the ALJ came out in weighing conflicting testimony and determining witnesses' credibility. *See Martinez*, 64 F.3d at 174; *Greenspan*, 38 F.3d at 237; *Hollis*, 837 F.2d at 1383.

Plaintiff's only other support for her claim is her citation to SSR 02-01p for the proposition that obesity "can" cause certain limitations. Dkt. No. 23-1 at 5. But "[o]besity is not a per se disabling impairment." *Crossley v. Astrue*, No. 3:07-CV-0834-M, 2008 WL 5136961, at *5 (N.D. Tex. Dec. 5, 2008); *see also* SSR 02-01p, 2002 WL 34686281, at *6 ("Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."). Plaintiff has offered no medical evidence that her obesity actually results in any further limitations beyond the light work level with no overhead reaching with her right upper extremity, as the ALJ found.

Finally, Plaintiff argues that the ALJ failed to explain how he reached his conclusions on whether obesity caused any physical or mental limitations and thereby contravened SSR 01-02p's requirements. *See* Dkt. No. 23-1 at 6-7. The ALJ did not cite SSR 01-02p and did not explicitly address the effects of Plaintiff's obesity independently of Plaintiff's other impairments.

But the record is clear that the ALJ properly considered the effects of obesity on Plaintiff's other impairments in determining Plaintiff's residual functional capacity.

*See Gannon v. Astrue*, No. 3:07-cv-1057-N, 2008 WL 4490738, at *9 (N.D. Tex. Oct. 3, 2008) (where substantial evidence existed to support the conclusion that plaintiff's obesity was properly considered in determining plaintiff's residual functional capacity, failure of the ALJ to explicitly address plaintiff's obesity was not error); *Brown v. Astrue*, No. 3:08-cv-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) ("Although the ALJ did not explicitly articulate or rely on any cumulative effects of Brown's obesity, the record indicates that her obesity was factored into the RFC determination."); *see also Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004) (concluding that "any remand for explicit consideration of Skarbek's obesity would not affect the outcome of this case" where, "although the ALJ did not explicitly consider Skarbek's obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions"). The ALJ found Plaintiff's morbid obesity to be a severe impairment, and, when discussing Plaintiff's relevant medical history, the ALJ noted Plaintiff's weight at several of her medical visits. Administrative Record [Dkt. No. 18-3] at 56-7. The ALJ also noted that records from Plaintiff's February 18, 2009 visit to Greenville Community Health Care indicated that Plaintiff was exercising 30 minutes a day without symptoms and that she was advised to increase her exercise. *Id.* at 56. In addition, the medical expert testified that Plaintiff was morbidly obese with a BMI of 50. *Id.* at 57. Finally, the ALJ stated that, in making the finding that Plaintiff was capable of performing light work, he considered "all symptoms." *Id.* at 58.

And, while the Fifth Circuit "has expressed a strong preference for requiring the social security administration to follow its own internal procedures," the Court of

Appeals also requires "a showing that the claimant was prejudiced by the agency's failure to follow a particular rule before such a failure will be permitted to serve as the basis for relief from an ALJ's decision." *Shave v. Apfel*, 238 F.3d 592, 597 (5th Cir. 2002). Here, even if the ALJ erred by failing to discuss independently the effect of Plaintiff's obesity as related to her other impairments, Plaintiff has not shown that she was prejudiced – and, in fact, does not even allege how she could have been prejudiced. *See* Dkt. No. 23-1 at 7. Nothing in the record suggests that Plaintiff's obesity, either standing alone or in combination with other impairments, is disabling, and therefore no basis exists for concluding that the ALJ's failure to properly consider Plaintiff's obesity would have changed the outcome of the disability determination. The error was, at most, harmless. *See Johnson v. Astrue*, No. 3-08-cv-1488-BD, 2010 WL 26469, at *6 (N.D. Tex. Jan. 4, 2010); *Gannon*, 2008 WL 4490738, at *9.

**Recommendation**

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

12

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE